### THE PEOPLE v. SANJURJO.

APPEAL from the District Court of Ponce.

No. 367.—Decided November 10, 1911.

CRIMINAL LAW—COSTS—LIABILITY OF SURETIES—TRAVELING EXPENSES AND PER
DIEM OF WITNESSES.—Section 271 of the Code of Criminal Procedure was
not repealed by the Act of March 10, 1904,.and in accordance with the pro-
visions of the former the fees and mileage of witnesses are taxable as
costs, and the sureties for a defendant are responsible for the payment of
the same.

ID.—ATTORNEYS AS SURETIES FOR CLIENTS.—For attorneys to act as sureties for
their clients is bad practice and is prohibited by rule 13 of the district
courts, compliance with which should be strictly enforced.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for appellant.

*Mr. Jesús M. Rossy,* prosecuting attorney, for appellee.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case involving the liability of a surety on the
appeal bond of a defendant to pay the costs of the prosecution
when his principal has been convicted. The facts may be
briefly stated as follows:

On January 19, 1911, the trial of the case of Fermín San-
jurjo took place before the District Court of Ponce, on appeal
from the Municipal Court of Coamo. After the trial the ac-
cused was found guilty of the crime charged against him and
sentenced to three months' imprisonment, and the payment of
costs. The accused served out his sentence and, on June 13,
1911, was notified by the secretary of said district court that
a bill of costs amounting to $43.15 was due to the Government.
On the same day, through his attorney, he impugned the fol-
lowing item contained in said memorandum: ''Payment to
witnesses on the trial as stated in payroll, $37.90,'' basing his
impugnation on the fact that the memorandum had been made
in accordance with section 58 of the Code of Criminal Pro-
cedure, said item not having been included in said section of
the statute. On the next day the judge denied the motion of
the accused, basing his decision on the fact that said memo-

randum had not been made in accordance with section 58 aforesaid, but under section 271 of the code referred to, from which order the accused took an appeal in due time.

The trial court, in making this decision, entered the following resolution:

"Decision of the court. District Court for the Judicial District of Ponce, P. R. *The People of Porto Rico* v. *Fermín Sanjurjo.* Violation of section 438 of the Penal Code. *Resolution.*—Whereas, in regard to the effect of the appeal taken to this court from the Municipal Court of Coamo, Messrs. José R. Llauri and Manuel A. Rivera gave a bond in favor of The People of Porto Rico, in accordance with sections 375, 378 and 389 of the Code of Criminal Procedure, the sureties undertaking to submit themselves to the stipulations stated in said bond, wherein it is said at the conclusion of the same  *  *  * 'and likewise we bind ourselves to pay to The People of Porto Rico all the costs incurred by the aforesaid accused in both courts'; Whereas, on January 19, 1911, this district court, in view of the evidence introduced at the trial, declared said Fermín Sanjurjo guilty of the crime of larceny in the second degree in this case; Whereas, it having been requested by the accused that judgment should be rendered on the same day, which was pronounced by the court sentencing him to three months' imprisonment in the district jail, and to the payment of the costs incurred; Whereas, the accused, who did not appeal from this sentence and suffered the punishment imposed on him, did not pay the costs accrued; Whereas, after said costs had been taxed by the office of the secretary of the court and which amounted to forty-three dollars and fifteen cents, the sureties were ordered to make the payment thereof; Whereas, one of the items included in the bill refers to the per diem and mileage, which, according to the pay roll was paid to the witnesses for the prosecution in this case; Whereas, one of the sureties, Mr. Manuel A. Rivera presented a motion to the court on June 13, current, in which he impugned said item regarding the *payment of fees to the witnesses in the case,* amounting to $37.90, and requested that said item be stricken from the bill on the ground that the item impugned does not appear in those included in the regulation of rates to which section 58 of the Code of Criminal Procedure refers; Whereas, the aforesaid section 58 refers to costs incurred in the inferior courts to said district courts; Whereas, section 271 of the said code specifies the costs which shall be imposed on the accused in criminal mat-

ters, stating in its first item: 'Fees to witnesses of the prosecution at the rate of fifty cents per day and ten cents for each mile to go to the court and return, if the distance exceeds three miles.' It appearing, therefore, that the item impugned has been included in the memorandum in conformity with the last-mentioned section, 271 of the Code of Criminal Procedure; Therefore, the court denies the motion presented wherein the aforesaid item of costs for witnesses is impugned, and it is requested to strike the same from the bill presented to the appellant. Let this be notified and proceeded with as it may be proper. Given in the city of Ponce, P. R., on June 14, 1911. Charles E. Foote, District Judge.''

We might very properly adopt this resolution as the opinion of this court, but perhaps it is just as well to add thereto a few observations.

The appellant, who is really Manuel A. Rivera, Esq., the defendant's attorney, who became surety on his bond, contends that sections 58 and 271 of the Code of Criminal Procedure were repealed by the Act of the Insular Legislature passed on March 10, 1904 (Session Acts of 1904, pp. 123, 127). That law is entitled ''An Act concerning fees and compensation of certain officers.'' It was not intended to affect the pay of witnesses or their mileage and per diem and so does not repeal the first paragraph, at least, of section 271 of the Code of Criminal Procedure. As to the other paragraphs of the section it is not necessary to say anything as they are not involved in this case. Only the item of $37.90 covering the witnesses' fees was called in question in the court below, and only this is before us on this appeal.

It is clearly to be seen that section 58 of the Code of Criminal Procedure relates to costs in the courts of justices of the peace and the municipal courts, while section 271 of the same code treats of costs in the district courts. There is no conflict between them.

The surety also says that the condition of the bond does not bind him to pay any costs but only for the appearance of the defendant. The bond is not set out in the record, hence we cannot consider this question. The court is presumed on

this point to have taken the proper action; and the recital in the resolution that the sureties bound themselves to pay the costs is held to be correct.

It is a bad practice for attorneys to become sureties on the bonds of their clients and it is forbidden by rule No. 13 governing the district courts, which should be strictly enforced.

As the first paragraph of section 271 of the Code of Criminal Procedure is in full force and vigor and the trial court acted under that section its resolution in denying the motion to strike the witnesses' fees from the bill of costs is correct and must be affirmed.

*Affirmed..*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.